UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA

                -against-

ANDRE COLLIER,

                Defendant.
-----------------------------------------------------------------X

**ORDER**

10-CR-820-2 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

On August 1, 2013, the court sentenced Defendant Andre Collier to 420 months of imprisonment following his conviction of firearm-related murder, in violation of 18 U.S.C. § 924(j)(1). (J. (Dkt. 150); see also Statement of Reasons (Dkt. 151) (filed under seal).)

On September 28, 2015, Defendant filed a pro se motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2), relying on recent amendments to the U.S. Sentencing Guidelines. (Mot. to Reduce Sentence (Dkt. 173).) On December 14, 2015, the Government responded in opposition to Defendant's motion. (See Gov't's Resp. in Opp'n to Mot. to Reduce Sentence ("Gov't's Opp'n") (Dkt. 176).) The Government argues that Defendant is not eligible for a reduction in sentence based on his conviction of firearm-related murder. (Id. at 2.)

Section 3582(c)(2) provides that a term of imprisonment may be modified "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Supreme Court has established a two-step inquiry to guide a district court in its consideration of a § 3582(c)(2) motion. See Dillon v. United States, 560 U.S. 817, 826 (2010); United States v. Christie, 736 F.3d 191, 194-95 (2d Cir. 2013). "First, the district court must determine whether

1

the defendant in question is 'eligible for a reduction in sentence.'" Christie, 736 F.3d at 194 (emphasis in original) (quoting United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010)). Second, if a defendant is eligible for resentencing, the court must then consider any applicable § 3553(a) factors to determine whether the authorized reduction is warranted in whole or in part under the particular circumstances of the defendant's case. Dillon, 560 U.S. at 827.

Pursuant to Amendment 782 to the Guidelines, effective November 1, 2014, the Sentencing Commission modified the base offense levels in the Drug Quantity Table at section 2D1.1 of the Guidelines, thereby lowering the sentencing range for certain drug-related offenses. See U.S.S.G. App. C (Supp.) at 64, 71, 74 (2014). Amendment 788 to the Guidelines provides that Amendment 782 applies retroactively to defendants sentenced before its effective date. See id. at 86-88 (amending U.S.S.G. § 1B1.10(d) (listing sentencing amendments eligible for retroactive application)).

If a defendant is eligible for a reduction in sentence, the court proceeds to the second step of the Dillon analysis to determine whether a reduction in sentence is warranted in light of the factors enumerated in 18 U.S.C. § 3553(a). See Dillon, 560 U.S. at 827. Under § 3553(a), the court must consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," and the need for the sentence imposed to "protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a). Where a reduction is authorized, the Guidelines provide that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). But see id. § 1B1.10(b)(2)(B) (setting forth exception for a defendant originally sentenced pursuant to a government motion reflecting the defendant's substantial assistance to authorities).

Here, Defendant is not eligible for a reduction in sentence, and therefore fails at the first step of the Dillon analysis. During his original sentencing, the court determined Defendant's advisory guidelines range of 360 months of imprisonment to life in prison based on U.S.S.G. § 2A1.1, applicable to first-degree murder and other premeditated killings. (See Statement of Reasons at 1; see also Gov't's Opp'n at 2.) While Amendment 782 made certain changes to the Drug Quantity Table in section 2D1.1 of the Guidelines, it does not affect § 2A1.1, the section of the Guidelines that the court consulted in sentencing Defendant. Accordingly, for the reasons set forth above, Defendant's motion is DENIED.

Because Defendant is not eligible for a sentence reduction pursuant to Amendments 782 and 788 to the Sentencing Guidelines, the court need not proceed to the second step of the Dillon analysis. See 560 U.S. at 827.

SO ORDERED.

Dated: Brooklyn, New York
December 1⁄2, 2015

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge